UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA MANTIKAS, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>EUGENE EDICK, an individual; JAIME IGLESIAS, an individual; BROGDON PROPERTIES INCORPORATED, a California corporation dba The Main Attraction Gentlemen's Club; DOE MANAGERS 1 THROUGH 3, inclusive; and DOES 4 THROUGH 10, inclusive,<br><br>                              Defendants. | Case No.: 21-CV-378 JLS (MSB)<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**<br><br>(ECF No. 7) |

Presently before the Court is the Parties' Joint Motion for Approval of FLSA Settlement ("Joint Mot.," ECF No. 7). Also before the Court is the Declaration of John P. Kristensen in Support of the Joint Motion ("Kristensen Decl.," ECF No. 7-1). After reviewing the Settlement Agreement (Kristensen Decl. Ex. 1 ("Ex. 1"), ECF No. 7-2), Plaintiff's Complaint ("Compl.," ECF No. 1), and the law, the Court finds that the Settlement Agreement is fundamentally fair, reasonable, and adequate and **GRANTS** the Parties' Joint Motion.

# BACKGROUND

This case began on March 3, 2021, when Plaintiff Alexandra Mantikas filed a complaint against Brogdon Properties Incorporated dba The Main Attraction Gentlemen's Club ("Main Attraction"), and the former owners/operators of Main Attraction, Eugene Edick and Jaime Iglesias (collectively, "Defendants"). *See generally* Compl. Plaintiff is a former non-exempt employee of Defendants. *See id.* ¶¶ 13, 151. Plaintiff worked at Main Attraction as an exotic dancer from October 2019 to March 2020. *Id.* ¶ 32. Plaintiff alleges that Defendants (1) failed to pay minimum wage, (2) failed to pay overtime wages, (3) unlawfully took dancers' tips, (4) charged dancers illegal kickbacks, and (5) forced several types of tip sharing. *See generally* Compl.

The Parties stipulated to move this matter to binding arbitration and have this Court stay the matter while retaining jurisdiction to approve any settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"). ECF No. 6. The Parties subsequently entered into a Settlement Agreement. *See* Ex. 1. Under the Settlement Agreement, Defendants have agreed to pay Plaintiff a gross settlement of $40,000, inclusive of attorneys' fees and costs. *Id.* The present Joint Motion to approve the FLSA settlement followed.

# LEGAL STANDARD

"The FLSA establishes federal minimum wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013); 29 U.S.C. § 202(a) (characterizing substandard wages as a labor condition that undermines "the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers"). "[C]laims for unpaid wages under the FLSA may only be waived or otherwise settled if settlement is supervised by the Secretary of Labor or approved by a district court." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016).

Before approving a settlement under the FLSA, the Court must assess whether the settlement "reflect[s] a reasonable compromise of disputed issues." *Lynn's Food Stores,*

*Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Ambrosino v. Home Depot U.S.A., Inc.*, No. 11cv1319-L-MDD, 2014 WL 3924609, at *1 n.1 (S.D. Cal. Aug. 11, 2014) (noting that "district courts in the Ninth Circuit have followed *Lynn's Food Stores*" and collecting cases). Specifically, the Court must find the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Camilo v. Ozuna*, Case No. 18-cv-02842-VKD, 2019 WL 2141970, at *10 (N.D. Cal. May 16, 2019) (citing *Lynn's Food Stores*, 679 F.2d at 1355). "If the settlement is a reasonable compromise of issues in dispute, the court 'may approve the settlement in order to promote the policy of encouraging settlement of litigation.'" *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1354).

Additionally, the Court must evaluate whether the award of attorneys' fees and costs is reasonable. *See Selk*, 159 F. Supp. 3d at 1180; *see also* 29 U.S.C. § 216(b) (noting that in a FLSA action, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action").

## ANALYSIS

### I. A Bona Fide Dispute Exists

As an initial matter, the Court finds that a bona fide dispute exists between the Parties over potential liability under the FLSA. In their Joint Motion, the Parties state that they "have strenuously different opinions about the classification of the dancers as employees or independent contractors and whether the fees charged by and collected by the Defendants belonged to the Defendants or constituted a tip belonging to the Plaintiff." Joint Mot. at 5. Thus, in light of the competing views on issues central to the case, the Court finds that there is a bona fide dispute between the Parties. *See, e.g., Castro v. Paragon Indus., Inc.*, No. 1:19-cv-00755-DAD-SKO, 2020 WL 1984240, at *12 (E.D. Cal. Apr. 27, 2020) (finding bona fide dispute where the defendant contended it had complied with the FLSA's minimum wage and overtime compensation requirements).

///

///

## II. The Settlement Is Fair and Reasonable

Having found that a bona fide dispute exists, the Court next considers whether the Settlement Agreement is a fair and reasonable resolution of that dispute pursuant to the FLSA. A district court may approve an FLSA settlement if the proposed settlement reflects "a reasonable compromise over [disputed] issues." *Lynn's Food Stores*, 679 F.2d at 1354. Courts in the Ninth Circuit have considered the following factors when determining whether a settlement is fair and reasonable under the FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. *See Selk*, 159 F. Supp. 3d at 1173.

First, under the terms of the Settlement Agreement, Defendants will pay Plaintiff a total of $40,000, inclusive of attorneys' fees and costs. Ex. 1 at 2. The allocation to Plaintiff is $20,628.75, with the remaining $19,371.25 being allocated to fees and costs. Kristensen Decl. ¶ 34. Plaintiff worked at Main Attraction three to five nights a week from about October 2019 to March 2020. *Id.* ¶ 35. Plaintiff estimates she worked about eighty shifts, lasting eight hours each. *Id.* Plaintiff alleges she was forced to pay a maximum house fee of $80 per shift and no less than $20 in dance fees per night. *Id.* She was also forced to pay the DJ, doorman, and manager a percentage of all monies she earned per shift. *Id.* Based on these numbers, Plaintiff estimates her damages to be approximately $17,280. *Id.* ¶ 36. Plaintiffs' counsel estimates that Plaintiff's range of possible recovery, had the case proceeded to trial or arbitration, would be in the $20,000 to $35,000 range. Joint. Mot. at 7. Under these circumstances, the Court finds that Plaintiff's range of possible recovery compared to the amount awarded in the Settlement Agreement weighs in favor of approving the settlement.

Second, the Court evaluates the stage of the proceedings and the amount of discovery completed. This factor weighs in favor of approving the settlement if the parties have

sufficient information to make an informed decision regarding settlement. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). Here, the Parties had begun the arbitration process, selected an arbitrator, and were set to schedule the hearing and begin formal discovery. Joint. Mot. at 8. The Parties conducted "extensive pre-suit investigation" and reviewed informal discovery. Kristensen Decl. ¶ 50. Thus, the Court finds that the Parties had sufficient information to reach an appropriate settlement.

Third, courts favor settlement where "there is a significant risk that litigation might result in a lesser recover[y] . . . or no recovery at all." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D. Cal. 2015). Both Parties faced serious litigation risks by continuing with this case. As to Plaintiff, she stated that she worked between eighty and a hundred shifts at Main Attraction, but Defendants' records showed "substantially less shifts than those estimated by Plaintiff." Joint. Mot. at 7. Additionally, Defendants' written employment policies and testimony from supervisors contradicted Plaintiff's claims, and Plaintiff may have been unable to prove that Defendants' alleged violations were willful. *Id.* at 9. Finally, Main Attraction closed in March 2020 due to the COVID-19 pandemic, and there was no insurance, so there were concerns whether Plaintiff would be able to collect damages. *Id.* at 6. There were also risks for Defendants in proceeding with this action. This is a fee-bearing case, and if Plaintiff successfully proved liability, it was possible that the attorneys' fees would dwarf the damages. *Id.* at 7. In light of the competing risks the Parties faced, this factor weighs in favor of approval of the Settlement Agreement.

Fourth, courts review the scope of any release provision in a proposed FLSA settlement to ensure that a plaintiff is not pressured into forfeiting claims or waiving rights unrelated to the litigation, particularly those that are designed to advance public values. *Selk*, 159 F. Supp. 3d at 1178 (citing *Luo v. Zynga, Inc.*, No. 13–cv–00186 NC, 2014 WL 457742 at *3 (N.D. Cal. Jan. 31, 2014)). The Settlement Agreement's release clause is limited to Plaintiff's claims that arise from or relate to her allegations against Defendants in the Complaint. Ex. 1 at 5. The release clause is not overly broad, as it does not release

claims unrelated to the wage-and-hour subject matter.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) ("[A] federal court may release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action.'").  Therefore, the scope of the release provisions in the Settlement Agreement appropriately tracks the breadth of Plaintiff's FLSA claim, and this factor also weighs in favor of approval.

Fifth, in determining whether a settlement is fair and reasonable, "[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases."  *Larsen v. Trader Joe's Co.*, No. 11-CV-05188-WHO, 2014 WL 3404531, at *5 (N.D. Cal. July 11, 2014).  The Parties' counsel both have substantial experience litigating wage-and-hour cases and handling complex and class actions.  *See* Joint Mot. at 10.  Accordingly, this factor also weighs in favor of approval of the Settlement Agreement.

Finally, there is no indication that the Settlement Agreement was the product of fraud or collusion.  Therefore, this factor also weighs in favor of approval.

Considering the totality of the circumstances, the Court finds that the Settlement Agreement is fair and reasonable under the FLSA and warrants approval.  The Court next turns to the reasonableness of the attorneys' fees and costs provided under the Settlement Agreement.

**III.  Attorneys' Fees and Costs**

Plaintiff's Counsel seeks attorneys' fees in the amount of $18,000—45% of the total settlement amount—and reimbursement of litigation costs in the amount of $1,371.25.  Joint Mot. at 11–14.  The Court addresses each of Counsel's requests in turn.

*A.  Attorneys' Fees*

"The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of

the fee award." *Selk*, 159 F. Supp. 3d at 1180. "[T]he fee-shifting provisions of the FLSA are intended to allow plaintiffs to find competent counsel if legal action is required to compel the employer to pay what is owed, because if the plaintiffs' claims are meritorious, counsel will be able to obtain its fees from defendants regardless of the size of the claims . . . ." *Kerzich v. Cty. of Tuolumne*, 335 F. Supp. 3d 1179, 1188 (E.D. Cal. 2018).

Here, Plaintiff's Counsel seeks 45% of the $40,000 gross settlement amount, totaling $18,000. Kristensen Decl. ¶ 39. In the Joint Motion, Counsel contends that the requested fees are reasonable because the lodestar amount for their work totals $25,080. *See* Joint Mot. at 13. Plaintiff calculated this figure based on the following hourly rates: (1) $725 per hour for Mr. John P. Kristensen; (2) $375 per hour for Ms. Jesenia A. Martinez; (3) $275 per hour for Mr. Alejandro Marin; (3) $725 per hour for Mr. Jarrett L. Ellzey; (4) $450 per hour for Ms. Leigh S. Montomery; (5) $375 per hour for Mr. Ghazzaleh Rezazadeh; and (6) $150 per hour for paralegal support. Kristensen Decl. ¶¶ 16–24. Plaintiff argues that these rates are in line with the prevailing market rates for attorneys of similar experience and reflect the risk assumed and experience of her counsel. *See id.* As for the lodestar method, Counsel at Kristensen LLP worked 37.9 hours on this matter, *see* Kristensen Decl. Ex. 2 (ECF No. 7-3), and Counsel at Ellzey Associates, PLLC, worked 16.4 hours on this matter, *see* Kristensen Decl. Ex. 4 (ECF No. 7-5). This results in a lodestar calculation of $25,080. Plaintiff's Counsel requests a negative multiplier of 0.72 and seeks approximately $7,000 less than their lodestar to reach the 45% fee award Plaintiff agreed to in her retainer agreement and which is noted in the Settlement Agreement signed by Plaintiff. Joint Mot. at 13.

Having reviewed the Joint Motion, the Declaration of John P. Kristensen in Support of the Joint Motion with its supporting exhibits, Counsel's arguments, and the applicable law, and given the lack of objection from Defendants, the Court agrees that the fee request in the amount of $18,000, or 45% of the total settlement amount, is reasonable under the circumstances. This award is reasonable in light of the favorable results achieved by Counsel, the risk Counsel assumed by taking this case on contingency, and the award being

in line with fee awards in similar actions.  Accordingly, the Court finds that a fee award of $18,000 is reasonable under the circumstances of this case.

### *B.   Costs*

Counsel also requests recovery of $1,371.25 in litigation costs, which includes filing fees for this matter and the arbitration and process server fees.  *See* Kristensen Decl. Ex. 2 (ECF No. 7-3).  The Court finds that Counsel's litigation expenses are typical and reasonable.  The Court therefore approves the requested costs reimbursement in the amount of $1,371.25.

### CONCLUSION

For the reasons stated above, the Court finds the settlement fair and reasonable pursuant to the FLSA.  Accordingly, the Court **GRANTS** the Parties' Joint Motion (ECF No. 7).  The Court hereby **DIRECTS** that the settlement be effectuated in accordance with the Settlement Agreement (ECF No. 7-2).

**IT IS SO ORDERED.**

Dated:  April 8, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge